GEORGE W. SMITH, AS EXECUTOR, ETC., OF LEMUEL SOPER, DECEASED, APPELLANT, *v.* PHEBE H. SOPER, RESPONDENT, AND OTHERS.

*Debts — when they are not specifically charged upon real estate devised — creditors cannot resort to the testator's real estate after the expiration of three years.*

The husband of the defendant gave and devised to his children certain real estate, and to the defendant, his widow, all the rest and residue of his estate, both real and personal.   At the beginning of the will was the following clause: "First.  After all my lawful debts are paid and discharged I give and bequeath," etc.

*Held,* that the payment of the debts was not specifically charged upon the real estate devised to the widow, and that creditors of the deceased could not, after the expiration of three years, enforce their claims upon it, as against persons who had purchased the same from her in good faith and for a valuable consideration.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury.

The action was brought to enforce the charge and lien of the debts of Isaac B. Soper, deceased, against the real estate of which he died seized.

The testator died on January 24, 1876, and his will was proved and letters testamentary thereon issued to the defendant Phebe, his widow, in the February following.   The will, after its formal

beginning, proceeded as follows, viz.: " First. After all my lawful debts are paid and discharged.I give and bequeath," etc. He then gave certain lots to his children, and all the rest, residue and remainder of his estate, both real and personal, to his wife. She advertised for claims and paid such as were presented. On February 15, 1879, she sold the premises devised to her by her husband to the defendant Weed, who thereafter gave mortgages thereon to the other two defendants.

*Edward R. Ackerly*, for the plaintiff, appellant.

*Stephen B. Jacobs*, for Phebe H. Soper, defendant and respondent.

Pratt, J.:

There was a general provision in the will of Isaac B. Soper that " after all my debts are paid and discharged I give and devise." The devisee was defendant Phebe H. Soper, who was also executrix. Assuming that the debts were a charge upon the real estate, it was, nevertheless, subject to the statutory provisions for their ascertainment, viz., that they should be duly presented under notice published by the executrix under the order of the surrogate. The will was probated and letters issued February 15, 1876.

There is a broad distinction between a general clause in a will for the payment of debts and one for the payment of a specified legacy or debt with respect to the application of the statutes. The clause in question in this will simply provides for what the law required if there had been no such clause, to wit, that the debts should be a charge upon the property of the testator. Where legacies are made a charge upon property devised a purchaser is held to take, with notice of such specific lien, and it is his duty to see that the lien is discharged, but when no provision is made for the payment of debts or there is a general provision for the payment thereof, the purchaser can, after the expiration of the three years, take the estate free and discharged therefrom. (*Jewett* v. *Keenholts*, 16 Barb., 193; *Waring* v. *Waring*, 7 Abb., 479; *Hyde* v. *Tanner*, 1 Barb., 76.)

It was the object of the statute to prevent the embarrassment that would result from making land subject for a long series of years to a lien for the debts of a deceased person. It will be

observed that if this construction is not placed upon the statute, no. limit could be placed upon the time the lien would exist except that made by the statute of limitations upon the original claim, and this latter could be prevented from taking effect by various methods which could not be ascertained by a purchaser. Again, how is a purchaser to ascertain what the debts are or who are the creditors in case of a legacy or specified debt? It is stated in the will and therefore the purchaser has notice; but a general clause "after payment of my debts" gives no information to the purchaser and he cannot be regarded as taking with notice of any lien. The statute was intended for his protection and he can rest securely under the letter and spirit of its provisions.

In the case of *Hyde* v. *Tanner* (*supra*) it was held that the statutes created a lien that runs with the land for three years, after the expiration of which the devisee might sell and a *bona fide* purchaser take the estate free from the debts. During the three years the lands remain liable to be sold to pay the debts, but the right to enforce this remedy must be exercised within this time to bind the land in the hands of *bona fide* purchasers. Any other construction than this is against the general policy of the law and renders the statute intended to facilitate the speedy settlement of estates and the transfer of property entirely nugatory. The statute is based upon the principle that the purchaser having paid his money in good faith, it devolves upon the creditor to see that it is applied in payment of the debts of the testator, and upon the further principle that the creditors having three years in which to enforce their lien, if they neglect to do it within that time, *bona fide* purchasers shall not be prejudiced by such neglect. The. cases cited by the plaintiff have reference to. legacies or other specific charges upon real estate and do not fall within the terms of the statute.

If these views are correct the judgment must be reversed and a new trial granted, costs to abide the event.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.